```
                    UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

TOTAL HEALTH CHIROPRACTIC, LLC,                    CIVIL ACTION
and TOTAL HEALTH WEST, LLC

versus                                             NO.  06-8747
                                                   C/W  06-8861

ALLSTATE INSURANCE COMPANY                         SECTION: E/1


**RULING ON MOTION**

Plaintiff Total Health West, LLC ("THW") filed a motion to remand Civil Action No. 06-8861, <u>Total Health West LLC v. Dennis Couvillion and Allstate insurance Company</u>, to Civil District Court of the Parish of Orleans pursuant to 28 U.S.C. § 1447. R.d. #26. Defendants oppose the motion. For the reasons that follow, the motion is granted.

**BACKGROUND**

C.A. No. 06-8861 is one of two lawsuits filed by THW in Civil District Court for the Parish of Orleans, both of which include Allstate as a defendant and THW as a plaintiff, and both involving insurance disputes that arose following Hurricane Katrina. C.A. No. 8747, <u>Total Health Chiropractic, LLC and Total Health West, LLC v. Allstate Insurance Company</u>, was filed in state court on August 28, 2006. In that lawsuit, plaintiffs allege that they operated businesses at 3721 MacArthur Blvd., 7045 Read Blvd., and 3400 Bienville Street, all in New Orleans, and that these businesses were covered by two Allstate business insurance policies bearing policy numbers 049-921583 and 049-921589. The Petition for

Damages, r.d.# 1-2, alleges state law causes of action against Allstate.[1]  Allstate removed the lawsuit on October 19, 2006, based on diversity jurisdiction.  There is no dispute that diversity jurisdiction exists in this case.

The second suit, C.A. No. 06-8861, <u>Total Health West, LLC v. Dennis Couvillion and Allstate Insurance Company</u>, was also originally filed on August 28, 2006, in state court.  Couvillion is alleged to be a Louisiana domiciliary and Allstate is identified as a foreign insurance corporation.  THW requested service on both defendants.  The Petition for Damages in this lawsuit, at ¶ V., alleges that Couvillion and Allstate "failed to issue coverage for the property located on Read Blvd., despite the fact that the petitioner specifically instructed defendants to provide flood coverage for that location."  At ¶ III., THW alleges as follows:

> Defendant, Couvillion, also wrote many other policies on behalf of petitioner, and in fact, was a confidante of the petitioner herein and petitioner relied upon the defendant, Couvillion, and his expertise as an insurance agent, to advise her on coverages she would need for the various and sundry businesses owned and operated by the petitioner, and in fact, discussed insurance procedures with petitioner herein on many occasions during the period of a years [sic] time.

The Petition further avers that Couvillion and Allstate were negligent in their "[f]ailure to properly issue coverage to petitioner to include flood insurance, as instructed, by petitioner, on all properties owned by the petitioner;" and that

---

[1] Although not crystal clear from the pleadings, it does not appear that a claim has been made against a flood insurance policy in this lawsuit.

-2-

petitioner suffered losses for contents damage and loss of income as a result of defendants negligence. Petition, ¶¶ VI. - VII. Allstate removed the matter to federal court on October 20, 2007, before service was effected in state court on Dennis Couvillion.[2] In its Notice of Removal, Allstate alleges diversity jurisdiction based on its assertion that Couvillion is fraudulently joined as a defendant. On March 27, 2007, the Court entered an Order consolidating the two cases in Section E. R.d. # 13.

## ANALYSIS

A civil action filed in a state court may generally be removed to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723. When removal is based on diversity

---

[2] Plaintiff served defendant Couvillion on March 26, 2007, some 213 days after the suit was filed in state court, and 160 days after its removal to federal court. See r.d. # 23 in C.A. No. 8747 c/w C.A. No. 8861, this Court's Order denying Dennis Couvillion's Motion to Dismiss for insufficient service of process.

jurisdiction, as here, Louisiana law applies to the substantive issues. <u>Erie R.R. Co. v. Tompkins</u>, 304 U.E. 64, 78 (1938).

In its Memorandum in Support of Motion to Remand ("Memo in Support"), THW argues that C.A. No. 06-8747 involves a claim for loss of income due to disruption of operations at the MacArthur location, while C.A. No. 06-8861 involves defendants' failure to issue a flood insurance policy covering contents as well as loss of income at the MacArthur location. Memorandum, p. 2. The language of the petitions, however, does not support that statement. C.A. No. 06-8861 specifically references Allstate policy # 04-9921589 (identified as policy # 049-921589 in C.A. No. 06-8747) which provided loss of income, loss of rental, fire and extended coverage, and alleges that the policy failed to cover damages at the *Read Boulevard* location, and that defendants failed to provide the requested flood insurance coverage at that location, not the MacArthur Drive location. Petition, ¶¶ III. - VII. While the Memo in Support does not clearly state that the Motion to Remand applies only the C.A. No. 06-8861, the allegations in the Petition and the arguments in the Memorandum generally refer to petitioner's allegations against Couvillion. Moreover, as previously noted, there is no dispute that diversity jurisdiction is proper in C.A. No. 06-8747.[3] For these reasons, the Court concludes that the

---

[3] THW does not argue that the claims in that lawsuit are for less than the $75,000.00 required to support diversity jurisdiction.

Motion to Remand addresses only C.A. No. 06-8861.[4]

Allstate argues that that Couvillion is improperly joined for three reasons: first, because THW cannot state a claim against him as a matter of law because agents for a disclosed principal cannot be held personally liable to a third party unless they personally bind themselves, exceed their authority, or misrepresent a position of the principal; second, that THW's claims against Couvillion are perempted pursuant to La.R.S. 9:5606(A); and third, Allstate argues that THW's claims against Couvillion are subject to dismissal based on misjoinder.

Allstate has provided a copy of the insurance policy at issue, Ex. "A" to its Opposition, for the policy period from November 30, 2004 to November 30, 2005. Allstate also provided Dennis Couvillion's affidavit, Ex. "B" to Allstate's Opposition. Couvillion states that he has been THW's Allstate agent "since the day it purchased Allstate Business Insurance Policy No. 049921589, application signed November 27, 2002 and effective November 30, 2002." Affidavit, ¶ 4. According to ¶ 11 of the affidavit, the policy was originally for the property located at 3712 MacArthur #103, but the property located at 7045 Read Boulevard was added to the policy effective October 13, 2004. See also Ex. "A", p. 0263, "Supplemental Declarations" listing both properties. Couvillion further declares that other than the addition of the Read Boulevard

---

[4] Although petitioner's memorandum argues in support of remand based on lack of federal question jurisdiction and "federal officer removal" in addition to diversity jurisdiction, the Court need not address either of these arguments and removal was based solely on diversity jurisdiction and improper joinder.

property, there have been no changes to the policy since he "became their agent effective July 11, 1994"[5]; that THW did not purchase flood insurance for the Read Boulevard property; and that THW did not request and he did not refuse to provide "information regarding coverage relative to hurricanes or for flood damages, or any information regarding any possible changes to its business policy[.]"  Affidavit, ¶¶ 8-13.

## Improper Joinder

Naming a non-diverse defendant destroys diversity jurisdiction.  However, improper joinder of a non-diverse defendant does not prevent removal by a diverse defendant.  Smallwood v. Il. Cent. R.R. Co., 352 F.3d 220, 222 (5th Cir. 2003).  The burden of showing improper joinder is a heavy one.  Id.  The standard for determining improper joinder is well established in the Fifth Circuit.  Improper joinder can be demonstrated in two ways; (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Dobson v. Allstate Insurance Co., 2006 WL 2078423, *4 (E.D.La.), *citing* Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003).  Generally, a party is considered to be improperly joined "when a plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment

---

[5] This statement is inconsistent with the prior statement in the affidavit and Allstate's Opposition, at p. 5, that Couvillion "became the agent on Plaintiff's Allstate account on November 30, 2002 when the [original] application for insurance became effective."

against that defendant." Fidelity Homestead Association v. Hanover Insurance Co., 458 F.Supp.2d 276, 279 (E.D.La. 2006), *citing* Englade v. Glaxo Smithkline, 206 F.Supp.2d 815, 817 (E.D.La. 2002) (citing Erdey v. American Honda Co., Inc., 96 F.R.D. 593, 595 (M.D. La 1983)).

*Louisiana Law*

Allstate argues that under Louisiana law, an agent for a known principal cannot be held personally liable unless the agent personally binds himself, exceeds his authority, or misrepresents a position of his principal. La. Civ. Code arts. 3016, 3019; Ragas v. Tarleton, 2006 WL 2925448 (E.D. La. 10/10/06). Allstate argues that the complaint fails to state a claim against Couvillion because his affidavit, which petitioners have failed to rebut, indicates that he never personally bound himself, exceeded his authority, or misrepresented a position of his principal.

Louisiana law imposes upon an insurance agent a fiduciary duty to the insured and the agent is liable for his own fault or neglect. Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531, 536 (E.D. La. 4/25/06), *citing* Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co., 910 F.2d 224, 229 (5th Cir. 1990). As that court explained:

> A plaintiff must prove three elements to demonstrate the agent's liability: 1) an undertaking or agreement by the broker to procure insurance; 2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and 3) actions by the agent warranting the client's assumption that the

client was properly insured.
Id., *citing* Offshore Prod. Contractors, Inc., at 229 (citing Karam, 281 So.2d at 730-31. While insurance agents have a duty only to use reasonable diligence in attempting to place the insurance requested, they have a duty to supply their customers with correct information and they may be liable for negligent misrepresentation when they provide incorrect information and an insured is thereby damaged. Dobson, *10, *citing* Karam, 281 So.2d at 730 *and* Venture Assocs. Inc. Of La. v Trans. Underwriters of La., 634 So.2d 4, 6-7 (La.Ct.App. 1994). On the other hand, "[a]n insured party is generally responsible for reading his policy, and he is presumed to know its provisions. Id., *9, *citing* Motors Ins. Co. V. Bud's Boat Rental, 917 F.2d 199, 205 (5th Cir. 1990)(other citations omitted.)

       Although THW did not offer an affidavit or other evidence in rebuttal to Couvillion's affidavit, the Petition alleges that THW "specifically instructed defendants to provide flood coverage" on the Read Boulevard property (Petition, ¶ V.), that the requested coverage was not provided, and that THW relied on Couvillion's advise and expertise in providing the necessary and requested insurance coverage. Accepting these allegations as true, Couvillion's affidavit does not present undisputed facts, but raises disputed issues of material facts regarding the allegations in the Petition. There is a reasonable basis to predict that the Petition does state a claim against Couvillion within the parameters of Louisiana law, and, resolving any doubts and

ambiguities in favor of the non-removing party, that THW may produce sufficient evidence to recover against Couvillion.

*Peremption*

Allstate argues that petitioners' claims against Couvillion are perempted pursuant to La.R.S. 9:5606(A) because the business insurance policy was issued in 2004, two years before suit was filed against Allstate and Couvillion.  Section 5606(A) provides that an action for damages against an insurance agent or broker must be brought "within one year from the date of the alleged act, omission, or neglect, or within one year from the date the alleged act, omission, or neglect is discovered", and in any event, such an action must be brought "within three years from the date of the alleged act, omission, or neglect."  A cause of action for negligence accrues, starting the prescriptive period, when a plaintiff suffers damages. <u>Dobson</u>, *6, *citing* <u>Cole v. Celotex</u>, 599 so.2d 1058, 1064 n.15 (La. 1992).

Although the original business insurance policy was purchased in November 2002, the Read Boulevard property was not added until October 13, 2004.  The insurance coverage of the particular property at issue here was in effect, and had not come up for renewal within one year prior to Hurricane Katrina.  The Petition specifically alleges negligent acts and misrepresentations by Couvillion regarding insurance requested and/or actually procured effective October 13, 2004, when the Read Boulevard property was added to the insurance policy.  The peremptive period for claims regarding insurance disputes arising from damages sustained at that

property could not begin to run before the property was insured, that is, before October 13, 2004, and the prescriptive period began to run at the earliest on August 29, 2005, when the insured property was damaged or destroyed. The claims against Couvillion brought in C.A. 06-8861 are neither prescribed nor perempted.

*Misjoinder Pursuant to F.R.Civ.P. 20(a)*

Finally, Allstate argues that Couvillion is improperly joined as a defendant pursuant to F.R.Civ.P. 20(a) because the claims against each arise out of separate transactions and occurrences and involved separate issues of law and fact. Opposition, p. 3. Rule 20(a) of the Federal Rules of Civil Procedure provides for the joinder of defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

In this case, common questions of fact flowing from the same series of transactions or occurrences will arise in the contract claims against the insurer and the tort claims against the agent, as both relate to the procurement of the policy at issue and its particular terms and extent of coverage, the alleged failure of defendants to provide requested flood coverage, and the facts surrounding the loss suffered by plaintiff. Moreover, a plaintiff is entitled to plead for relief in the alternative. *See, e.g.,* Schwartz, 2006 WL 980673 *4 for a discussion of the Fifth Circuit's

jurisprudence regarding Rule 20(a) "misjoinder"; Dobson *12; Botnick v. Vigilant Insurance Co., 2006 WL 2947912 *7 (E.D.La. 10/13/06); Harrington v. Lexington Insurance co., 2006 WL 2192853 *3 (E.D.La. 8/1/06); Southern Athletic Club, LLC, 2006 WL 2583406 *4 (E.D.La. 9/6/06).

## Conclusion

Allstate has failed to meet its heavy burden to show that federal jurisdiction exists and removal was proper in C.A. NO. 06-8861.  Because there is no complete diversity in this matter, and there are no other grounds to support federal jurisdiction, this matter must be remanded.

Accordingly,

**IT IS ORDERED** that this Court's Order of Consolidation dated March 27, 2007 at r.d. # 13 is **VACATED;** and,

**IT IS FURTHER ORDERED** that petitioner's motion to remand (r.d. #26) is **GRANTED;** and,

**IT IS FURTHER ORDERED** that Civil Action No. 06-8861 **BE AND IS HEREBY REMANDED TO CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.**

New Orleans, Louisiana, July 17, 2007.

                                      **MARCEL LIVAUDAIS, JR.**
                                    United States District Judge